# BALTIMORE CITY COURT

Filed December 16, 1901.

## TURNER
## VS.
## HUMANE AND IMPARTIAL SOCIETY, ETC.

*William Colton* for plaintiff.
*Leigh Bonsal* for defendant.

STOCKBRIDGE, J. (Orally)—

The question here presented is one of considerable difficulty, for there is some conflict of decision. So far as the court is aware, the case of Perry vs. The House of Refuge, 63 Md. p. 20, has not been in any manner reversed or even modified by the Court of Appeals of this State. It is perfectly true that doctrine has not been followed in a number of other jurisdictions. It is hardly the province of this court to announce what should be the correct rule of law in the view of the court if that view is opposed in any way to the view expressed by the Court of Appeals.

In 63 Md., the rule is laid down broadly, without qualification or exception, that in the case of a charitable institution its funds are regarded as trust funds, and as such are not liable to the payment of damages.

If that decision is one that it is proper should be modified, reversed or overruled, that is an action which should be taken by that court and not by an inferior court. For an inferior court to assume to overrule the Court of Appeals might savor of disrespect, to say the least.

Therefore the court feels constrained to grant the defendant's second prayer, as offered in the following words:

"The court instructs the jury that upon the evidence in this case the defendant is a charitable corporation, existing for the benefit of the public and not for profit, and there being no evidence contradicting the evidence of the defendant that it exercised due care in selecting its attorney and agent who ordered the distraint proceedings in this

case, the verdict of the jury must be for the defendant."

The other prayers on both sides will be rejected, and the court trusts the case may be taken to the Court of Appeals.